————o————

No. 4156.

(Court of Appeal, Parish of Orleans.)

LEE F. KELLER vs. OSCAR G. KELLER.

1. A case will be remanded on the ground of newly discovered evidence filed in the appellate Court, when it shall appear that the circumstances of the application are extraordinary and exceptional and the ends of justice require remanding.

2. The appellate Court has in its own hands the remedy against attempts made to delay appeals under cover of a motion to remand and will protect itself against undeserving applications.

3. A suit to revive a judgment is not an exclusive mode of arresting the current of prescription against it, and the acknowledgement in writing of the judgment by the judgment debtor is equally effective for that purpose.

Appeal from, Civil District Court, Division "B."

Dart & Kernan, for Plaintiff and Appellant.

Benjamin Ory & H. B. McMurray, Jr., for Defendant and Appellee.

DUFOUR, J. On January 31st, 1896, the plaintiff obtained a judgment against the defendant which was signed on February 5th, 1896.

On July 12th, 1897, the plaintiff subrogated Henry Haag to his rights under the judgment.

On October 5th, 1906, Haag filed a suit for revival, and a plea of prescription of ten years under Art. 3547 R. C. C. was filed and was sustained by the lower Court.

The subrogee has appealed and has presented in this Court, in support of an application to remand, an affidavit, with exhibit annexed, declaring, substantially that, since the rendition of the judgment herein, Henry Haag had discovered an agreement in authentic form between Lee F. Keller and Oscar G. Keller before Ory, Notary Public of this City, dated January 9th, 1897, containing an acknowledgement of the original judgment rendered against Oscar G. Keller. It is further declared that the evidence is material, was unknown previously to affiant, and was discovered by accident. Objection is made to our taking cognizance of these documents on the ground that an appellate Court cannot receive new evidence.

This is correct doctrine, generally speaking, at least so far as regards the decision of a cause, but it must be understood in the light of Art. 906 C. P., in reference to the power of an appellate Court to remand, in the exercise of a sound discretion and in furtherance of justice.

In Schneider vs. Ins. Co. 30 A. 1198, a wife had obtained a

judgment on a policy of insurance in favor of her husband, and the defendant presented in the Supreme Court affidavits to the effect that, since the appeal, it had discovered that the husband was alive.

The Court, in remanding the cause, said:

"We cannot receive new and original evidence except for certain purposes and there is no precedent in our reports to this application. Nevertheless, it is the duty of Courts to make precedents when the ends of justice demand it.......

We are not unmindful that, under cover of a motion to remand for evidence subsequently discovered, attempts may be made to delay appeals in other cases, but the remedy is in our hands, and the circumstances of the present application are extraordinary and exceptional."

In Lindner vs. City, 3 Crt. of App. 263, the City presented in this Court an application and an act of purchase tending to show that the property sold at tax sale had been dedicated to public uses before plaintiff's acquisition, we remanded the cause to allow proof of that fact.

See also 110 La. 563.

Jurisprudence is to the effect that the prescription of a judgment may be interrupted by other modes than a suit for revival, and that the acknowledgement in writing of the judgment debtor is equally effective for that purpose.

31 An. 1071, 34 A. 413, 42 A. 152.

We consider that the ends of justice demand the remanding of this cause. The judgment appealed from is set aside, and this cause is remanded to the Court *a quo* for further proceedings according to the views herein expressed, all costs of suit to await final determination and to be paid by the party then cast.